UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

| | |
|---|---|
| YOLANDA HARPER-BARNHILL,<br><br>    Petitioner,<br><br>V.<br><br>DAVID PAUL, Warden,<br><br>    Respondent. | Civil Action No. 5: 23-044-KKC<br><br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Petitioner Yolanda Harper-Barnhill is a federal inmate currently confined at the Federal Medical Center ("FMC")-Lexington located in Lexington, Kentucky. Proceeding without counsel, Harper-Barnhill has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and has paid the $5.00 filing fee. [R. 1, 1-6] Thus, this matter is before the Court to conduct the initial screening required by 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

In her § 2241 petition, Harper-Barnhill challenges the computation of her sentence by the Bureau of Prisons ("BOP"). Specifically, she requests that the Court direct the BOP "to apply First Step Act Earned Time Credits to my federal prison sentence computation at the manual calculation rate of 15 days per 30 days programmed and grant immediate release or immediate release into home confinement, as earned according to the First Step Act of 2018." [R. 2 at p. 1]

However, upon review of Harper-Barnhill's petition and supporting Memorandum, it is evident that she has not yet fully exhausted her available administrative remedies with respect to

her claims. It has long been the rule that before a prisoner may seek habeas relief under § 2241, she must first fully exhaust her administrative remedies within the BOP. *Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 231 (6th Cir. 2006). *See also Luedtke v. Berkebile*, 704 F. 3d 465, 466 (6th Cir. 2013); *Leslie v. United States*, 89 Fed. Appx. 960, 961 (6th Cir. 2004) ("[I]t is well established that federal prisoners are required to exhaust their administrative remedies before filing a habeas corpus petition under § 2241.").

Exhaustion of administrative remedies serves two main purposes: 1) it "protects administrative agency authority," by ensuring that an agency has an opportunity to review and revise its actions before litigation is commenced, which preserves both judicial resources and administrative autonomy; and 2) it promotes efficiency because "[c]laims generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (citing *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992)) *See also Detroit Newspaper Agency v. N.L.R.B.*, 286 F.3d 391, 396 (6th Cir. 2002) ("The purpose of the exhaustion doctrine is to allow an administrative agency to perform functions within its special competence, to make a factual record, to apply its expertise and to correct its own errors so as to moot judicial controversies.") (quoting *Shawnee Coal Co. v. Andrus*, 661 F.2d 1083, 1092 (6th Cir. 1981) (other citations omitted)). Administrative remedies must be exhausted prior to filing suit and in full conformity with the agency's claims processing rules. *Woodford v. Ngo*, 548 U.S. at 92-94.

The BOP's Inmate Grievance System requires a federal prisoner to first seek informal resolution of any issue with staff. 28 C.F.R. § 542.13. If a matter cannot be resolved informally, the prisoner must file an Administrative Remedy Request Form (BP-9 Form) with the Warden, who has 20 days to respond. *See* 28 C.F.R. §§ 542.14(a) and 542.18. If the prisoner is not satisfied

with the Warden's response, she may use a BP-10 Form to appeal to the applicable Regional Director, who has 30 days to respond. *See* 28 C.F.R. §§ 542.15 and 542.18. If the prisoner is not satisfied with the Regional Director's response, she may use a BP-11 Form to appeal to the General Counsel, who has 40 days to respond. *See* 28 C.F.R. §§ 542.15 and 542.18. *See also* BOP Program Statement 1330.18 (Jan. 6, 2014).

In Harper-Barnhill's petition, she states that she first filed a grievance related to her claims with her Unit Team at FMC Lexington. [R. 1 at p. 2]. She then appealed the denial of that grievance to the Warden, which was denied. [*Id*. at p. 3] She appealed the Warden's denial of her appeal to the Mid-Atlantic Regional Director, which was also denied. [*Id*.] She then requests that the Court waive the requirement that she continue with the administrative remedy process by filing a BP-11 Form with the BOP's General Counsel, explaining: "Warden delayed his response by 3 months, not following remedy process, which now makes this emergency in nature. Could not continue with Ad. Remedy 11. No time-Waiver should be granted." [R. 1 at p. 6] Thus, it is clear from the face of Harper-Barnhill's § 2241 petition that she filed it prior to fully exhausting her available administrative remedies with respect to her claim, warranting denial of her petition without prejudice.

While exhaustion of administrative remedies is an affirmative defense that a prisoner is "not required to specially plead or demonstrate," *Jones v. Bock*, 549 U.S 199, 216 (2007), "when it is apparent on the face of a § 2241 petition that the petitioner has not exhausted [her] administrative remedies, a district court may sua sponte dismiss the petition without prejudice based on that affirmative defense." *Settle v. Bureau of Prisons*, No. 16-5279, 2017 WL 8159227, at \*2 (6th Cir. Sept. 20, 2017). Here, Harper-Barnhill's petition demonstrates that she has not yet fully exhausted her available administrative remedies with respect to her claims. Thus, the Court

3

will deny her current petition without prejudice so that she may pursue her available administrative remedies. If Harper-Barnhill is not satisfied with the administrative resolution of her claims, she may then file a § 2241 petition in a new case once this process is complete.

For all of these reasons, the Court hereby **ORDERS** as follows:

1. Harper-Barnhill's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED WITHOUT PREJUDICE**;

2. Any pending requests for relief, including Harper-Barnhill's "Emergency Pro-Se Motion/Memorandum Under Title 28 U.S.C. § 2241" [R. 2], are **DENIED AS MOOT**;

3. This action is **STRICKEN** from the Court's docket; and

4. A corresponding Judgment will be entered this date.

This the 28th day of February, 2023.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY